IN THE MATTER OF THE COMPULSORY JUDICIAL SETTLEMENT, ETC., OF THE EXECUTORS OF JOHN COLLINS, DECEASED.

*Practice — when an appeal will not lie from an interlocutory order of the surrogate.*

A witness having refused to answer a question put to him upon a hearing before a referee, appointed by a surrogate to take testimony and report the same to him, in proceedings instituted to procure the settlement of the accounts of an executor, an order was made by the surrogate directing the witness to answer the question before the referee, reserving all questions respecting the competency of the proposed testimony until the coming in of the referee's report.
*Held,* that an appeal from the order was premature; that if the ruling was erroneous, the error would be corrected on an appeal from the final decree.

APPEAL from an order of the surrogate of Kings county, directing a witness to answer a question put to him on his examination before a referee.

*N. B. Hoxie,* for the executors, appellants.

*Julius H. Seymour,* for the petitioner, respondent.

DYKMAN, J.:

This is an appeal from an order of the surrogate of Kings county, directing a witness to answer a question propounded to him before a referee. The proceeding was inaugurated for the settlement of the accounts of the executors of John Collins, deceased. One of the executors died, and when this proceeding was instituted, the surrogate appointed a referee to take testimony and report the same to him. Andrew G. Collins, a son of the testator, was appointed

an executor and received letters testamentary on the attainment of his majority, and he was called as a witness before the referee and requested to read from an account book kept by the deceased executor, O'Leary. Objection was interposed by the counsel for the executor, which was overruled by the referee. The witness refused to answer the question. Thereupon an order was obtained from the surrogate requiring the witness to show cause before him, on a certain day, why he should not be punished for contempt, and on the return day of that order to show cause the surrogate made an order directing the witness to answer the question before the referee, and reserving all questions respecting the competency of the proposed testimony until the coming in of the referee's report. From that order we have this appeal, which is plainly premature. Interlocutory rulings, respecting the admission or exclusion of testimony on the trial of a cause, cannot be reviewed separately as they are made. The order appealed from directs the witness to answer a question before the referee, and does no more and has no greater effect than the ruling of the referee in favor of the admission of the testimony. If the ruling be erroneous, the error is to be corrected on appeal from the final decree, when all the questions presented by the recorded will fall legitimately under review.

The order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and CULLEN, J., concurred.

Order of surrogate of Kings county affirmed, with costs.